IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES A. BEARD and DEBRA BEARD,** : : : | Civil No. 1:18-CV-1801 |
| **Plaintiffs,** : : | |
| v. : : | |
| **NORFOLK SOUTHERN RAILWAY CORPORATION a/k/a NORFOLK SOUTHERN CORP., UPS GROUND FREIGHT, INC., and UPS FREIGHT,** : : : : : | |
| **Defendants.** : | Judge Sylvia H. Rambo |

## O R D E R

Before the court is the report and recommendation ("R&R") (Doc. 122) issued by Magistrate Judge Martin Carlson concerning three motions for summary judgment (Docs. 31, 34, and 37) filed by Defendants, either seeking dismissal of the claims brought by Charles A. Beard ("Mr. Beard") and Debra Beard ("Mrs. Beard"; collectively, "Plaintiffs") or resolving indemnification and contribution claims between Defendants Norfolk Southern Railway Corporation's ("Norfolk") and Defendants UPS Ground Freight, Inc. and UPS Freight ("UPS"). The R&R recommends that all of the motions be denied. (*See* Doc. 122.)

Here, no party has objected to the R&R. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72, advisory committee notes. "For there to be plain error, there must be an 'error' that is 'plain' and that

1

'affects substantial rights.' . . . A 'plain' error is one which is 'clear' or 'obvious.'" *United States v. Jake*, 281 F.3d 123, 132 (3d Cir. 2002).

Here, Plaintiffs bring three causes of action: (1) a Federal Employees' Liability Act ("FELA") negligence claim against Mr. Beard's employer, Norfolk; (2) a state law negligence claim against Norfolk and UPS; and (3) a loss of consortium claim against Defendants. The factual bases for Plaintiffs' claims are that Mr. Beard was injured in an accident caused collectively by a UPS driver's negligent driving and Norfolk's poor policies and procedures concerning accidents. Defendants have all moved for summary judgment on the basis that either Mr. Beard or the other defendant is completely responsible for the accident. Norfolk and UPS also argue whether one is obligated to indemnify or contribute to partial payment of a judgment due to the other being exclusively responsible for the accident.

The R&R states that, as a matter of law, the division of responsibility between parties in a FELA claim or general negligence claim is generally inappropriate to resolve on summary judgment, because it turns on fact-intensive questions concerning causation and the reasonability of each parties' conduct. The R&R also finds that, as a matter of fact, the record reveals disputed accounts of how the accident occurred and who is ultimately responsible for the accident.

Being unable to resolve the question of whose conduct was both factually and legally responsible for Mr. Beard's injuries, the R&R recommends the court permit

2

Plaintiffs' FELA and negligence claims to go forward.  Derivative of such a finding, Mrs. Beard's loss of consortium claim also goes forward.  Finally, being unable to find whether UPS or Norfolk is exclusively responsible for the incident, the court cannot decide whether one is responsible to the other for indemnification or contribution.  Thus, summary judgment should not be granted on any basis upon which the Defendants have moved.

Having conducted a thorough review of the R&R, the court finds it devoid of any plain error affecting the substantial rights of the parties.  Therefore, the R&R is hereby **ADOPTED IN FULL**.  Defendants' motions for summary judgment are all hereby **DENIED**.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Date: May 22, 2020